# PerkinsCoie

500 North Akard Street
Suite 3300
Dallas, TX 75201-3347

T +1.214.965.7700
F +1.214.965.7799
PerkinsCoie.com

April 15, 2024

John R. Hardin
JohnHardin@perkinscoie.com
D. +1.214.965.7743
F. +1.214.965.7793

**VIA E-FILING**

The Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Patagon Management LLC v. Wei "Max" Wu* – Case No. 23-cv-02742-AS

Dear Judge Subramanian:

We write on behalf of Plaintiff Patagon Management Inc. ("Plaintiff"), pursuant to Your Honor's Individual Rule 11(B) and in response to Your Honor's Order dated April 10, 2024 (ECF No. 59) to respectfully request that this Court allow Plaintiff to file the enclosed letter request (the "Letter Request") under seal. Plaintiff restates its sealing request below. However, and as reflected in the enclosed Letter Request, Plaintiff withdraws its request that any order entered by this Court in connection with the Letter Request be entered under seal.

As outlined in Plaintiff's Motion for Contempt (ECF No. 26) and Motion for Default Judgment (ECF No. 39) Defendant Wei "Max" Wu ("Defendant") has repeatedly violated this Court's Temporary Restraining Order (ECF No. 13) and Preliminary Injunction Order (ECF No. 22, with the Temporary Restraining Order, the "Orders") by taking actions to move assets in cryptocurrency wallets identified in the Orders. On February 28, 2024, this Court granted Plaintiff's Motion for Default Judgment (ECF No. 54, the "Default Judgment Order"). The Default Judgment Order contains language similar to the Orders and enjoins the Defendant from continuing to take actions to move assets in certain cryptocurrency wallets.

Courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed . . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Here, good cause exists because the Letter Request identifies a method to prevent Defendant from continuing to violate this Court's orders, and if that proposal were to be public, the method identified in the letter would no longer be effective.

The Honorable Arun Subramanian
April 15, 2024
Page 2

      For these reasons, Plaintiff requests that the Court allow Plaintiff to file the Letter Request under seal. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ John R. Hardin*

John R. Hardin

JRH:kjf

> Application DENIED. The Court is not persuaded that the letter motion should remain under seal, when the Court's order effectuating the motion has been publicly filed.
>
> The Clerk of Court is directed to terminate the motion at ECF No. 60 and remove viewing restrictions from ECF No. 61.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: May 14, 2024

Perkins Coie LLP